THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY DE BERNARDO, Appellant, v. WALTER B. MARTIN, as Warden of Clinton Prison at Dannemora, N. Y., Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of Mrs. MARY LUDWIG, Respondent, against FLORAL PARK SANITARIUM and ÆTNA CASUALTY & SURETY Co., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of BESSIE STEINHARDT, Respondent, against UNIVERSAL IMPORTING COMPANY and THE BANKERS INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of ISADOR LIEBMAN, Respondent, against CORDELL CAFETERIA, INC., Appellant, and BUTCHERS MUTUAL CASUALTY Co. OF NEW YORK, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Decision handed down on March 19, 1941 [ante, p. 1029], corrected to read as follows: This is an appeal by the employer from a decision and award of the State Industrial Board awarding workmen's compensation to the claimant-respondent, payable by the employer as a non-insurer. The employer had obtained a workmen's compensation insurance policy which became effective at twelve-one A. M. on July 12, 1939. The State Industrial Board found that this accident happened on July 11, 1939, between ten P. M. and eleven P. M., and made the award against the employer only. This was a new business which was just being opened up. The evidence in the record as to the time when the accident happened and entitled to the greatest weight is that of Wald, a baker, who testified positively that he went upstairs and looked at a clock at one-ten A. M. on the twelfth, that when he went downstairs the claimant told him between one-twenty or one-twenty-five A. M. that he had injured himself. The claimant testified that he did not have any watch and that he did not know exactly what time it happened, and that he told Wald, the baker, of the accident about five or ten minutes after it happened. This evidence would place the accident well after twelve-one A. M. A letter was written by the employer to the carrier on August 12, 1939, asking the carrier to investigate the claim and represent it on any hearing and that the award would be paid by the employer. Upon the hearing before the referee the employer asked for an adjournment to give it an opportunity to produce a witness to explain this letter, and this request was denied upon the ground that it was not important. In view of the positive testimony of Wald as to the time of the accident, we feel that the result here might have been different had the employer been permitted to explain why it wrote this letter, and that it was error for the referee to refuse the request for an opportunity to explain. Award reversed, with costs to the appellant against the State Industrial Board, and matter remitted to the [State] Industrial Board. Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ., concur.